No. 19,233.

W. L. FARQUHARSON, *Appellee,* v. J. E. LIGHTNER, *Appellant.*

SYLLABUS BY THE COURT.

REAL-ESTATE AGENT—*Action for Commission—Instructions.* The evidence in an action for a real-estate agent's commission held to authorize the instructions given.

Appeal from Sedgwick district court, division No. 1; THOMAS C. WILSON, judge. Opinion filed July 10, 1915. Affirmed.

*Dempster O. Potts,* of Wichita, for the appellant.

*George McGill, John W. Blood,* and *R. C. McCormick,* all of Wichita, for the appellee.

The opinion of the court was delivered by

MASON, J.: W. L. Farquharson sued J. E. Lightner for a real-estate agent's commission. He recovered judgment, and the defendant appeals.

The only errors assigned relate to the instructions that were given. The objection made is not that general principles of law were wrongly stated, but that there was no evidence to warrant some of the statements, that language was used which implied the existence of facts that were disputed, and that the charge did not adequately present the defendant's contentions.

The defendant maintains that there was no evidence that he constituted the plaintiff his agent with respect to the sale of the land. The plaintiff testified that he was a real-estate agent; that he had done some business with the defendant; that the defendant "listed" the land with him for sale. He was then asked: "What did he tell you when he listed it?" He answered: "He told me he wanted fifteen dollars an acre for it, or forty-eight hundred dollars." The word "list" in this connection has a reasonably definite meaning, and implies invoking the services of an agent in finding a purchaser upon the terms stated. (*Brown v. Gilpin,* 75 Kan. 773, 780, 90 Pac. 267.) We think the evidence warranted submitting to the jury the question whether what the defendant said and did

was intended and understood to constitute an employment of the plaintiff as his agent to find a buyer for the land.

We further conclude that the instructions do not assume the existence of any material fact that was in dispute, and that at least in the absence of any request for a more specific statement they sufficiently presented the contentions of the parties.

The judgment is affirmed.